### ZUBER v. MEHRLE.

(Supreme Court, Appellate Term. November 24, 1908.)

WAREHOUSEMEN (§ 34*)—CONVERSION—OWNER'S RIGHT TO RECOVER.

　　One cannot recover from a warehouseman for conversion of goods where it does not appear that he was ready or willing to pay the charges for which the goods were deposited by a carrier, and was not identified and did not afford the warehouseman "a reasonable time to ascertain the validity of the adverse claim or to bring legal proceedings to compel all claimants to interplead," as provided by Laws 1907, p. 1711, c. 732, § 18.

　　[Ed. Note.—For other cases, see Warehousemen, Dec. Dig. § 34.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by August Zuber against Julia Mehrle. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

James E. Duross, for appellant.

Henry H. Sawyer, for respondent.

PER CURIAM. Dispute arising after nightfall about compensation for carriage from Nyack to Brooklyn of household goods belonging to the plaintiff or his wife, the carrier placed certain pieces of them in the defendant's warehouse. A few days later the plaintiff, with a witness from his lawyer's office, and having some bills in his hands, called at the warehouse, and said to a young woman at the desk that he had come to pay the charges on Zuber's goods, and was told, according to their account, that she had instructions not to take any money from Mr. Zuber; according to her version, that she could not tell what the charges were. All agree that she unavailingly tried by telephone to find the manager. The plaintiff gave his lawyer's name and telephone number (4800 Beekman) to be called up. On the manager coming in, he called the number twice that day, and was told they were out. The next day he got, as he says, the plaintiff's lawyer on telephone, who said they did not want the goods, and would not take them, that they were going to bring action against him to recover the value of the goods, to which the manager replied they would have to sue the carrier, for the goods were held on the carrier's orders. The lawyer so named tried the case, brought out these answers, and did not contradict them. Assuming that, when the plaintiff asked for the warehouse charges, the young woman in the office said she was told not to take any money from Mr. Zuber, and that he was thereby relieved from tendering the sum of those charges, it does not appear, although the plaintiff testified he had the money to pay the charges, that he was ready or willing to pay the carrier's charges for which the goods were deposited. He was not identified and did not afford the warehouseman "a reasonable time to ascertain the validity of the adverse claim or to bring legal proceedings to compel all claimants to interplead." Section 18, c. 732, p. 1711, Laws 1907. The judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

SEABURY, J. (concurring). To recover damages for conversion against the defendant, it was necessary for the plaintiff to prove that he had tendered the amount of the defendant's charges. The evidence of a tender was insufficient.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.